IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| QUINTARIOUS RAMON KIMBALL, Plaintiff, v. SHELBY COUNTY CRIMINAL JUSTICE CENTER, ET AL., Defendants. | Civ. No. 2:24-cv-02964-SHM-tmp |

**ORDER DIRECTING CLERK TO MODIFY DOCKET,
DISMISSING COMPLAINT WITHOUT PREJUDICE,
DENYING MOTION FOR INJUNCTIVE RELIEF,
AND GRANTING LEAVE TO AMEND**

On December 6, 2024, Plaintiff Quintarious Ramon Kimball, booking number 24111864, an inmate at the Shelby County Criminal Justice Center (the "SCCJC") in Memphis, Tennessee, filed a *pro se* civil complaint under 42 U.S.C. § 1983; a motion to proceed *in forma pauperis*; and a motion for a preliminary injunction. (ECF Nos. 1-3.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915, *et seq*. (ECF No. 5.)

For the reasons that follow, Kimball's complaint is DISMISSED WITHOUT PREJUDICE. Leave to amend is GRANTED. Kimball's motion for a preliminary injunction (ECF No. 3) is DENIED. The Clerk is DIRECTED to modify the docket to add Shelby County, Tennessee, as a Defendant and to remove the SCCJC as a Defendant.

**I. BACKGROUND**

Kimball alleges that he is currently confined in the SCCJC. (ECF No. 1 at PageID 2.) Kimball alleges that the SCCJC is "very dangerous." (*Id*.) Kimball alleges that the cell doors are

broken, that "most of the toilets won't flush," and that the "sinks are out of order." (*Id*.) Kimball alleges that "most smoke detectors don't work." (*Id*.) Kimball alleges that the SCCJC is infested with "mice, roaches, and fruit flies." (*Id*.) Kimball alleges that his cell is flooded with water containing feces every time the inmate in the next cell flushes the toilet. (*Id*.) Kimball alleges that the showers are "full of black mold." (*Id*. at PageID 3.) Kimball alleges that corrections officers refuse to supply him with "cleaning chemicals, . . . mops, and brooms" to improve the conditions of his "nasty" cell. (*Id*. at PageID 2.) Kimball has filed, as an attachment to his complaint, an inmate grievance dated November 9, 2024, about the SCCJC's alleged refusal to provide Kimball with supplies to clean his cell. (ECF No. 6.)

Kimball alleges that the corrections officers do not "make security rounds." (ECF No. 1 at PageID 2-3.) Kimbell alleges that the corrections officers and counselors refuse to give inmates grievance forms to report the conditions at the SCCJC. (*Id*. at PageID 3.) Kimball alleges that inmates are forced to sleep on metal bunks without mattresses. (*Id*.) Kimbell alleges that inmates cover air vents to "block roaches," which obstructs airflow in the SCCJC. (*Id*.) Kimbell alleges that he is exposed to second-hand smoke "every day." (*Id*.)

Kimbell alleges that the "inhumane" and "unsafe" conditions at the SCCJC constitute cruel and unusual punishment in violation of the Eighth Amendment. (*Id*. at PageID 4.)

Kimball sues Defendants: (1) the SCCJC; (2) Sergeant First Name Unknown ("FNU") Buford; (3) Lieutenant FNU Varnes; (4) Lieutenant FNU Jones; (5) Floyd Bonner, Jr., the Sheriff of Shelby County, Tennessee; and (5) the "Acting Chief Jailer" at the SCCJC. (*Id*. at PageID 2.) Kimball sues Sergeant Buford, Lieutenant Varnes, Lieutenant Jones, Sheriff Bonner, and the "Acting Chief Jailer" in their individual and official capacities. (*Id*.)

Kimball seeks monetary damages of $2,000,000. (*Id*. at PageID 4.)

## II.     SCREENING THE COMPLAINT

### A.  Legal Standard

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the

3

requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. Requirements to State a Claim Under § 1983

Kimball sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III. ANALYSIS

### A. Request for Injunctive Relief

Kimball seeks a preliminary injunction "concerning the condition of the jail." (ECF No. 3 at PageID 10.) Kimball seeks injunctive relief to address various problems at the SCCJC, including overcrowding, inadequate medical care, sanitation violations, inadequate staffing, and inadequate training of correction officers. (*Id.*)

Preliminary injunctions "are considered preventive, prohibitory, or protective measures taken pending resolution on the merits." *Lichtenstein v. Hargett*, 489 F. Supp. 3d 742, 751 (M.D. Tenn. 2020) (citing *Clemons v. Bd. of Educ. of Hillsboro*, 228 F.2d 853, 856 (6th Cir. 1956)). Preliminary injunctions are governed by Rule 65(a) of the Federal Rules of Civil Procedure. In determining whether to grant a request for preliminary injunctive relief, the Court must consider: (1) whether a plaintiff has shown a strong or substantial likelihood or probability of success on the merits of the case; (2) whether a plaintiff will suffer irreparable injury if the injunction is not granted; (3) whether granting the injunction will cause potential harm to others;

and (4) the impact of the injunction upon the public interest (the "Injunctive Relief Factors"). *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012). The Injunctive Relief Factors "do not establish a rigid and comprehensive test for determining the appropriateness of preliminary injunctive relief," *Frisch's Rest. Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1984) (internal quotation marks and citation omitted), nor is any one factor controlling, *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

A moving party has the burden of showing that the circumstances "clearly demand" a preliminary injunction. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The proof required to obtain a preliminary injunction is "much more stringent than the proof required to survive a summary judgment motion because a preliminary injunction is an extraordinary remedy." *McNeilly*, 684 F.3d at 615 (internal quotation marks and citation omitted).

Kimball has not satisfied the standard required for a preliminary injunction. At this stage of the proceedings, Kimball's likelihood of success is no greater than that of the Defendants' likelihood of success in defending against Kimball's claims. Kimball has not shown that he will suffer irreparable harm if the requested injunctive relief is not granted. The balancing of harms required by the third Injunctive Relief Factor does not weigh significantly in favor of Kimball's requested injunctive relief. Kimball has not shown that injunctive relief is in the public interest.

Absent extraordinary and urgently compelling reasons, district courts do not intervene in the day-to-day operations of state and county correctional facilities. The operation of correctional facilities "is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Bell v. Wolfish*, 441 U.S. 520, 548 (1979). Kimball has not alleged extraordinary and urgently compelling reasons. The Court will not intervene to grant relief that affects the daily operations and administration of the SCCJC.

Kimball has not met his burden of showing that the circumstances "clearly demand" a preliminary injunction. *Overstreet*, 305 F.3d at 573. Kimball's motion for a preliminary injunction (ECF No. 3) is DENIED.

### B. Claims Against Unidentified SCCJC Official

Kimball sues the Chief Jailer at the SCCDC, but he does not name the Chief Jailer. (ECF No. 1 at PageID 2.) Kimball fails to allege a cognizable claim against the unidentified Chief Jailer at the SCCDC. Federal Rule of Civil Procedure 10(a) requires a plaintiff to "name all the parties" in a complaint. Service of process cannot be made on an unidentified party, and the filing of a complaint against an unknown defendant does not toll the running of the statute of limitation. *See Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 548-49 (6th Cir. 2016) ("The Sixth Circuit treats naming a specific individual in place of a John Doe as joinder of a new party." (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996))). Before Kimball can proceed against any unnamed official at the SCCDC, Kimball must first identify the official and re-allege his claims against the official.[1]

Kimball's § 1983 claims against the unnamed Chief Jailer is DIMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

### C. Claims Against the SCCJC

Kimball sues the SCCJC. (ECF No. 1 at PageID 2.) "To state a claim under § 1983, the plaintiff . . . must show that the alleged violation was committed by a person acting under color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (internal quotation marks and

---

[1] The Sixth Circuit has explained that "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cox*, 75 F.3d at 240. Kimball must meet the requirements of Federal Rule of Civil Procedure 15(c) "in order for the amendment adding the named defendant to relate back to the filing of the original complaint." *Id.*

citation omitted). The SCCJC is neither a "person" under § 1983 nor an entity capable of being sued under § 1983. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (noting that "the Shelby County Jail is not an entity subject to suit under § 1983"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (recognizing that police department is not an entity capable of being sued under § 1983); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (stating that sheriff's department "is not a legal entity subject to suit" under § 1983).

The Court construes Kimball's claims against the SCCJC as claims against Shelby County, Tennessee, (the "County"). *See Matthews*, 35 F.3d at 1049. Kimball fails to state a claim against the County, as explained below.

### D. Official Capacity Claims Against Individual Defendants & the County

Kimball's official capacity claims against Sheriff Bonner, Sergeant Buford, Lieutenant Varnes, and Lieutenant Jones (the "Individual Defendants") are treated as claims against the defendants' employer at the time the complaint was filed—*i.e.*, Shelby County (the "County"). *See Jones v. Union Cnty.*, 296 F.3d 417, 421 (6th Cir. 2002)). The County may be held liable only if Kimball's injuries were sustained pursuant to an unconstitutional custom or policy of the County. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).

/

Kimball's complaint does not allege any deprivation of a constitutional right because of a policy or custom of the County. Kimball seeks relief based on general allegations about the conditions at the SCCJC. (*See* ECF No. 1 at PageID 2-3.) Although Kimball is not required to plead the facts demonstrating municipal liability with particularity, Kimball must give the County "fair notice of what [Kimball's] claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Kimball does not state a claim to relief against the County or the Individual Defendants in their official capacities because Kimball fails to allege facts demonstrating any official policy or custom of the County, much less an unconstitutional policy that injured Kimball.

Kimball's § 1983 claims against the County and his official capacity claims against the Individual Defendants are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

### E. Individual Capacity Claims Against Individual Defendants

Kimball sues the Individual Defendants (Bonner, Buford, Varnes, and Jones) in their individual capacities. (ECF No. 1 at PageID 2.) Kimball's only mention of the Individual Defendants is in the complaint's list of defendants. (*See id.*)

To establish liability under § 1983 against an individual defendant acting under color of state law, a plaintiff must show that the defendant was "personally involved" in the unconstitutional incident. *See Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) (explaining that [e]ach defendant's liability must be assessed individually based on his own actions"). Personal involvement by each named defendant, or the defendant's encouragement or condoning of others, is an essential element in a § 1983 cause of action asserting a constitutional deprivation. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995).

Kimball does not allege any facts demonstrating that the Individual Defendants were personally involved in, or contemporaneously aware and dismissive of the alleged unconstitutional conditions at the SCCJC in a manner that violated federal law. Nowhere in the complaint does Kimball mention the Individual Defendants other than naming them as defendants. (*See* ECF No. 1 at PageID 2-3.) "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under to § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004).

For these reasons, Kimball's claims under § 1983 against the Individual Defendants in their individual capacities are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

## IV.   AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). The Court GRANTS leave to amend the claims dismissed without prejudice within 21 days of the date of this Order, and under the guidelines set forth below.

An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Kimball's claims. An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. Kimball must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in

9

a separate count and must identify each Defendant sued on that count.  If Kimball fails to comply with Rule 8 and the Court's instructions for pleading amended claims, the Court will dismiss the improperly pled amended claims with prejudice.

If Kimball fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice and enter judgment.  The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

**V.      CONCLUSION**

For the reasons explained above:

A.      Kimball's § 1983 claims against the unnamed Chief Jailer, the County, and the Individual Defendants in their official and individual capacities are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.  *See* § 1915(e)(2)(B)(ii) and 1915A(b)(1).

B.      Leave to amend the is GRANTED.  Kimball may amend his claims within 21 days of the date of this Order, under the guidelines set forth *supra*.

C.      Kimball's motion for a preliminary injunction (ECF No. 3) is DENIED.

D.      Kimball is ORDERED to notify the Court immediately, in writing, of his current address, if he is transferred or released.  If Kimball fails to provide the Court with his current address or fails to follow any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

IT IS SO ORDERED this 20th day of August, 2025.

                              /s/ *Samuel H. Mays, Jr.*
                              SAMUEL H. MAYS, JR.
                              UNITED STATES DISTRICT JUDGE